UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
GREGORY DAY,

               Plaintiff,

        -against-

THE CITY OF NEW YORK, P.O. JOSEPH P.
ROBINSON, Shield No. 15485, Individually and in his
Official Capacity, DET. LISA PASKEWITZ, Shield
No. 5865, Individually and in his Official Capacities,
P.O.s "JOHN DOE" #1-10, Individually and in their
Official Capacities, (the name John Doe being fictitious,
as the true names are presently unknown),

               Defendant(s).
---------------------------------------------------------------------------X

**VERIFIED COMPLAINT**

**07 CV 11228**

**JURY TRIAL DEMANDED**

       Plaintiff, by his attorneys, JON L. NORINSBERG, complaining of the defendants,

respectfully alleges as follows:

## PRELIMINARY STATEMENT

       1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

## JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

       4.     Venue is properly laid in the Southern District of New York under 28 U.S.C.

§ 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff is an African American male and was at all relevant times a resident of the Hempstead, County of Nassau, State of New York.

7.      Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9.      At all times hereinafter mentioned, the individually named defendants, P.O. JOSEPH P. ROBINSON, DET. LISA PASKEWITZ, and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

2

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13.     On December 13, 2006, at approximately 1:00 a.m., plaintiff GREGORY DAY was lawfully outside 603 West 138th Street near the subway station entrance in the County, City and State of New York.

14.     Prior to December 13, 2006, plaintiff GREGORY DAY had no prior record or evidence of any criminal conduct.

15.     At the aforesaid time and place, defendants approached plaintiff GREGORY DAY and informed him that they wanted to search him.

16.     Plaintiff GREGORY DAY repeatedly asked defendants why they wanted to search him, but defendants refused to answer.

17.     At the aforesaid time and place, plaintiff GREGORY DAY was suddenly accosted by members of the New York City Police Department.

18.     On December 13, 2006 when plaintiff GREGORY DAY was illegally searched, no evidence of drugs or drug paraphernalia were found or seized.

19.     Defendants stopped plaintiff GREGORY DAY without cause, and despite finding no contraband, arbitrarily and capriciously confiscated non-contraband property in excess of $20,000 in cash plus additional money taken from the pockets of plaintiff GREGORY DAY that was not vouchered nor reported.

20.     For no reason or cause, and without arresting or detaining plaintiff GREGORY DAY, Defendants seized plaintiff GREGORY DAY's money and property at the aforesaid location

and transported plaintiff GREGORY DAY to the 30th Precinct.

21.     Defendants, including P.O. JOSEPH P. ROBINSON, DET. LISA PASKEWITZ and P.O.s "JOHN DOE" #1-10, seized property, monies in excess of $20,000.00 in cash plus additional money that was not returned upon demand.

22.     Plaintiff GREGORY DAY was told by the New York City Police officers to that he would obtain a voucher at the 30th Precinct for his money.

23.     Plaintiff GREGORY DAY was waiting for his voucher in the New York City Police Department 30th Precinct where his property was allegedly invoiced and vouchered.

24.     After a four hour wait for the property clerk, Plaintiff GREGORY DAY was arrested for Criminal Trespass 3, a misdemeanor, Disorderly Conduct and charged with Unlawful possession of Marijuana, 5th Degree, a violation.

25.     Notwithstanding the fact that no contraband was found on plaintiff GREGORY DAY, defendants placed Mr. Day under arrest, and charged him with disorderly conduct, criminal trespass for being on precinct property and possession of marijuana.

26.     After placing plaintiff GREGORY DAY under arrest, defendants filed false police reports and forwarded these reports to prosecutors in the New York County District Attorney's Office.

27.     As a result of his unlawful arrest, plaintiff GREGORY DAY was incarcerated for two days while awaiting a hearing on the trespassing and disorderly conduct charges.

28.     On December 15, 2006, plaintiff GREGORY DAY was released and the disorderly conduct charge was dismissed.

29.    The Possession of Marijuana charge was dismissed on February 7, 2007 and sealed pursuant to Section 160.50 CPL.

30.    The false criminal trespass upon police precinct property is still pending but is facing a 3030 motion for dismissal within 10 days.

31.    Despite the immediate seizure of his monies, plaintiff GREGORY DAY was not issued a voucher for his property on December 13, 2006.

32.    Defendants did not furnish a voucher to plaintiff GREGORY DAY for all the monies seized from him on December 13, 2006 until sometime later.

33.    Defendants claimed the monies seized were evidence of a drug transaction and allegedly forwarded all of plaintiff GREGORY DAY's monies, in excess of $20,000.00, to the US Marshall's office.

34.    Defendants did not forward to the US Marshall the monies seized from plaintiff GREGORY DAY until on or about January 9, 2007.

35.    Defendants forwarded to the US Marshall less than $18,000.00 dollars of plaintiff GREGORY DAY's seized monies.

36.    The violation plaintiff GREGORY DAY was falsely charged with does not include drug distribution, manufacturing or importation and was not part of a larger criminal scheme such that it should not have been seized and/or forwarded to the US Marshall.

37.    As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

38.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

40.    All of the aforementioned acts deprived plaintiff GREGORY DAY of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

41.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

42.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

43.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

44.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.    As a result of defendants' aforementioned conduct, plaintiff GREGORY DAY was subjected to an illegal, improper and false arrest by the defendants and taken into custody

and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

46.     As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation, deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

47.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Defendants were directly and actively involved in the initiation of criminal proceedings against Mr. Day.

49.     Defendants lacked probable cause to initiate criminal proceedings against Mr. Day.

50.     Defendants acted with malice in initiating criminal proceedings against Mr. Day.

51.     Defendants were directly and actively involved in the continuation of criminal proceedings against Mr. Day.

52.     Defendants lacked probable cause to continue criminal proceedings against Mr. Day.

53.     Defendants acted with malice in continuing criminal proceedings against Mr. Day.

54.     Notwithstanding the unlawful conduct of defendants, the criminal proceedings were terminated in Mr. Day's favor by February 7, 2007, when two of the charges against him were dismissed.

55.     As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty,

emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

56.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "55" with the same force and effect as if fully set forth herein.

57.     Defendants issued legal process to place plaintiff GREGORY DAY under arrest.

58.     Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

59.     Defendants acted with intent to do harm to plaintiff GREGORY DAY, without excuse or justification.

60.     As a result of the foregoing, plaintiff sustained, _inter alia_, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "60" as if the same were more fully set forth at length herein.

62.     Defendants P.O. JOSEPH P. ROBINSON and DET. LISA PASKEWITZ and P.O.'s "JOHN DOE" #1-10 arrested and incarcerated Mr. Day in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

63.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

64.     The acts complained of were carried out by the aforementioned individual

8

defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

65.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

a)    arresting innocent persons notwithstanding  marked differences between the description of the alleged perpetrator and the physical characteristics of the person arrested;

b)    arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

c)    arresting innocent persons notwithstanding the existence of evidence which raises significant doubts as to the reliability and/or veracity of the complaining witness;

d)    subjecting innocent persons to police line-ups which fail to conform to fundamental standards of due process as recognized by other jurisdictions throughout the United States;

e)    subjecting innocent persons to police line-ups which fail to utilize a random double-blind identification procedure to ensure fundamental due process;

f)    subjecting innocent persons to police line-ups which fail to utilize a sequential and individual identification procedure to ensure fundamental due process; and

g)    subjecting innocent persons to arrest and prosecution based solely on identifications made during police line-ups without any independent  evidence of criminal wrongdoing.

66.    The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Frank Douglas v. City of New York,** United States District Court, Southern District of New York, 03 CV 6475;

- **Darnell Flood  v. City of New York,** United States District Court, Southern District of New York, 03 CV 10313;

- **Theodore Richardson v. City of New York, et al,** United States District Court, Eastern District of New York, 02 CV 3651;

- **Phillip Stewart v. City of New York,** United States District Court, Southern District of New York, 05 CV 2375;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

- **Angel Vasquez v. City of New York,** United States District Court, Eastern District of New York, 05 CV 3552;

- **Alvin Williams v. City of New York,** United States District Court, Southern District of New York, 05 CV 4013;

- **Terrance Burton v. City of New York,** United States District Court,  Southern District of New York, 06 CV 6884.

67.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff GREGORY DAY.

68.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by GREGORY DAY as alleged herein.

69.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff GREGORY DAY as alleged herein.

70.    As a result of the foregoing customs, policies, usages, practices, procedures and

rules of the City of New York and the New York City Police Department, plaintiff GREGORY DAY was falsely arrested and incarcerated for two days.

71.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff GREGORY DAY.

72.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff GREGORY DAY's constitutional rights.

73.     All of the foregoing acts by defendants deprived plaintiff GREGORY DAY of federally protected rights, including, but not limited to, the right:

> A.     Not to be deprived of liberty without due process of law;
>
> B.     To be free from seizure and arrest not based upon probable cause;
>
> C.     To be free from unwarranted and malicious criminal prosecution;
>
> D.     Not to have cruel and unusual punishment imposed upon him;
>
> E.     Not to have summary punishment imposed upon him; and
>
> F.     To receive equal protection under the law.

74.     As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

## PENDANT STATE CLAIMS

75.     Plaintiff repeats, reiterates and  realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

11

76.     On or about March 13, 2007, and within (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

77.     Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

78.     Defendant THE CITY OF NEW YORK has not demanded a hearing pursuant to General Municipal Law § 50-h.

79.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

80.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

81.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE ARREST

82.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     Defendant police officers arrested plaintiff GREGORY DAY in the absence of probable cause and without a warrant.

84.     As a result of the aforesaid conduct by defendants, plaintiff GREGORY DAY was subjected to an illegal, improper and false arrest by the defendants and taken into custody

and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

85.    The aforesaid actions by the defendants constituted a deprivation of the plaintiff's rights.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE IMPRISONMENT

86.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.    As a result of the foregoing, plaintiff GREGORY DAY was falsely imprisoned, his liberty was restricted for an extended period of time, was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints.

88.    Plaintiff was conscious of said confinement and did not consent to same.

89.    The confinement of plaintiff was without probable cause and was not otherwise privileged.

90.    As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## MALICIOUS PROSECUTION

91.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.    On December 13, 2006, defendants commenced a criminal proceeding against plaintiff GREGORY DAY.

93.    Defendants lacked probable cause to commence said criminal proceeding against

plaintiff GREGORY DAY

94.     Defendants were motivated by actual malice in commencing said criminal proceeding against plaintiff GREGORY DAY.

95.     On December 15, 2006, one of the criminal prosecutions against plaintiff GREGORY DAY was terminated in his favor.

96.     On February 7, 2007, one of the criminal prosecutions against plaintiff GREGORY DAY was terminated in his favor.

97.     As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

98.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

100.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

101.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

102.     The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

103.     As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and

loss of freedom.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

104.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.    Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of said its Police Department, including the defendants individually named above.

106.    Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department. including the defendants individually named above.

107.    Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### CONVERSION

108.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109.    On December 13, 2006, plaintiff Gregory Day was the owner of monies held as US cash currency with the value of $20,000.00.

110.    On December 13, 2006, Defendants P.O. JOSEPH P. ROBINSON, DET. LISA

PASKEWITZ and P.O.s "JOHN DOE" #1-10 converted the above described currency to their own use.

111.    Plaintiff GREGORY DAY has been damaged in the sum of $20,000.00.

112.    By reason of the aforesaid conduct by defendants, plaintiff GREGORY DAY requests the following relief:

A.    Compensatory damages in the amount of five million dollars ($5,000,000);

B.    Punitive damages in the amount of two million dollars ($2,000,000);

C.    An award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements; and

D.    Any further relief as the Court may find just and proper.

**WHEREFORE**, plaintiff GREGORY DAY demands judgment in the sum of five million dollars ($5,000,000) in compensatory damages, two million dollars ($2,000,000) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:  New York, New York
        December 13, 2007

_____/S_____
JON L. NORINSBERG (JN-2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396

16