UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GREGORY DAY,

                                      Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. JOSEPH P.
ROBINSON, Shield No. 15485, Individually and in his
Official Capacity, DET. LISA PASKEWITZ, Shield No.
5865, Individually and in his Official Capacity, P.O.s
"JOHN DOE" #1-10, Individually and in their Official
Capacities, (the name John Doe being fictitious as the true
names are presently unknown),

                                        Defendants.

------------------------------------------------------------------------ x

**ANSWER**

07 Civ. 11228 (JGK)

**JURY TRIAL DEMANDED**

      Defendants City of New York, Police Officer Joseph Robinson and Detective Lisa Paskewitz, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for an answer to the complaint, respectfully allege upon information and belief as follows:

      1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

      2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

      3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

      4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to bring this action in this venue as stated therein.

      5. Defendants state that the allegations set forth in paragraph "5" of the complaint are not averments requiring responses.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Admit the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, and respectfully refer this Court to the New York City Charter and New York City Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that defendant Joseph Robinson is employed as a Police Officer with the New York City Police Department and defendant Lisa Paskewitz is employed as a Detective with the New York City Police Department and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the John Doe defendants.

10. Defendants state that the allegations set forth in paragraph "10" of the complaint constitute legal conclusions to which no response is required.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was approached by members of the New York City Police Department.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff was transported to the 30th precinct.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff's money was seized and vouchered.

22. Deny the allegations set forth in paragraph "22" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff and unidentified police officers.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that plaintiff was present at the 30th precinct on or about December 13, 2006.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit that plaintiff was arrested for Criminal Trespass 3 and Disorderly Conduct.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint, except deny know or information sufficient to form a belief as to the truth of the allegation regarding the length of time plaintiff was in custody.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint, except admit that plaintiff's underlying criminal case was dismissed on or about January 31, 2008.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint, except admit that plaintiff's monies were forwarded to the U.S. Marshal's Office.

34. Deny the allegations set forth in paragraph "34" of the complaint, except deny know or information sufficient to form a belief as to the truth of the allegation regarding the date that plaintiff's monies were forwarded to the U.S. Marshal's Office.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that the criminal proceedings were terminated in plaintiff's favor on February 7, 2007.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. In response to the allegations set forth in paragraph "56" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. In response to the allegations set forth in paragraph "61" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint and its subparts.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint and its subparts.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. In response to the allegations set forth in paragraph "75" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

76. Deny the allegations set forth in paragraph "76" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about March 14, 2007.

77. Deny the allegations set forth in paragraph "77" of the complaint, except admit that the claim has not been adjusted or paid.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint, except admit that the complaint was filed on or about December 13, 2007.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. Deny the allegations set forth in paragraph "81" of the complaint.

82. In response to the allegations set forth in paragraph "82" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

83. Deny the allegations set forth in paragraph "83" of the complaint.

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. In response to the allegations set forth in paragraph "86" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. In response to the allegations set forth in paragraph "91" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. Deny the allegations set forth in paragraph "93" of the complaint.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "95" of the complaint.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the complaint.

97. Deny the allegations set forth in paragraph "97" of the complaint.

98. In response to the allegations set forth in paragraph "98" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

99. Deny the allegations set forth in paragraph "99" of the complaint.

100. Deny the allegations set forth in paragraph "100" of the complaint.

101. Deny the allegations set forth in paragraph "101" of the complaint.

102. Deny the allegations set forth in paragraph "102" of the complaint.

103. Deny the allegations set forth in paragraph "103" of the complaint.

104. In response to the allegations set forth in paragraph "104" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

105.   Deny the allegations set forth in paragraph "105" of the complaint.

106.   Deny the allegations set forth in paragraph "106" of the complaint.

107.   Deny the allegations set forth in paragraph "107" of the complaint.

108.   In response to the allegations set forth in paragraph "108" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

109.   Deny the allegations set forth in paragraph "109" of the complaint.

110.   Deny the allegations set forth in paragraph "110" of the complaint.

111.   Deny the allegations set forth in paragraph "111" of the complaint.

112.   Deny the allegations set forth in paragraph "112" of the complaint, except admit plaintiff purports to seek the relief as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

113.   The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

114.   Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant City violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

115.   At all times relevant to the acts alleged in the Complaint, defendants, acted reasonably, properly, lawfully, and in good faith in the exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

116.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the negligent or culpable conduct of others and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

117.    There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

118.    Punitive damages are not recoverable against the City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

119.    This action may be barred, in whole or in part, by the applicable statute of limitations period.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

120.    This action may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

121.    Defendants Robinson and Paskewitz did not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

122.    Plaintiff provoked any incident.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

123.    At all times relevant to the acts alleged by plaintiff, defendants Robinson and Paskewitz acted reasonably in the proper and lawful exercise of their discretion.

WHEREFORE, defendants City of New York, Police Officer Joseph Robinson and Detective Lisa Paskewitz respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 19, 2008

    MICHAEL A. CARDOZO
    Corporation Counsel of the City of New York
    Attorney for Defendants City of New York, Police Officer Joseph Robinson and Detective Lisa Paskewitz
    100 Church Street
    Room 3-189
    New York, New York 10007
    (212) 788-0976

By: _____
    Johana Castro (JC 1809)
    Assistant Corporation Counsel

TO:   Jon L. Norinsberg, Esq.
       225 Broadway, Suite 2700
       New York, New York 10007